RICHARD G. SOMES, STATE BAR #203957
ALLEN S. AHO, STATE BAR #312491
rsomes@tysonmendes.com;aaho@tysonmendes.com
TYSON & MENDES, LLP
17901 Von Karman Avenue, Suite 600
Irvine, CA  92614
Telephone: 949.490.4840/Facsimile: 949.267.5261

Attorneys for Defendant, COSTCO WHOLESALE CORPORATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Annette King<br><br>         Plaintiff,<br><br>     v.<br><br>Costco Wholesale Corporation<br>DOES 1 TO 10<br><br>         Defendant. | Case No.:  3:20-CV-1935-H-BLM<br><br>Assigned to:<br>District Judge Hon. Marilyn L. Huff<br>Magistrate Judge Hon. Barbara Lynn Major<br><br>**NOTICE OF MOTION AND DEFENDANT COSTCO WHOLESALE CORPORATION'S MOTION FOR LEAVE TO FILE THIRD PARTY COMPLAINT**<br><br>Hearing Date:    March 1, 2021<br>Hearing Time:   10:30 a.m.<br>Dept.:                15A<br><br>[*Filed Concurrently with Declaration of Allen S. Aho; and Notice of Lodging (Proposed) Order*] |

**NOTICE IS HEREBY GIVEN** that on March 1, 2021 at 10:30 a.m. in Judge Honorable Marilyn L. Huff's courtroom in Dept. 15A at the United States District Court – Southern District of California located at 330 West Broadway, San Diego, California, Courtroom 15A, defendant COSTCO WHOLESALE CORPORATION ("Costco"), by

-1-

and through undersigned counsel, pursuant to Fed. R. Civ. P. 14(a), will move the Court to enter an order granting defendant leave to file a third party complaint in the above action, based upon the attached Memorandum of Points and Authorities including the following grounds:

1.     More than 14 days have elapsed since Costco served an answer to plaintiff's complaint, thus necessitating leave of this court for defendant to file a third-party complaint in the above action.

2.     Costco desires to file a third party complaint against Michael Margiotta for all or part of plaintiff's claim against Costco. A copy of the proposed third party complaint is attached as Exhibit "A."

3.     As appears from Costco's proposed third party complaint, Michael Margiotta is or may be liable to defendant for all or part of plaintiff's claim in the above action.

4.     Since discovery remains open and the Court's scheduling order has only recently been issued (December 15, 2020), no party will be prejudiced by Costco filing the proposed third-party complaint.

5.     Counsel for plaintiff and defendant met and conferred on January 22, 2021 regarding the filing of this motion.  Counsel agreed leave of court is necessary regardless of whether the parties stipulate on the matter of defendant's filing a Third Party Complaint against Mr. Margiotta.

Date:  January 26, 2021                    TYSON & MENDES, LLP


                                          By:  /s/Richard G. Somes
                                          RICHARD G. SOMES, ESQ.
                                          ALLEN S. AHO, ESQ.
                                          Attorneys for Defendant COSTCO
                                          WHOLESALE CORPORATION
                                          E-mail:  aaho@tysonmendes.com

### MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Defendant Costco Wholesale Corporation ("Costco") seeks leave to file a third party complaint against Michael Margiotta ("Mr. Margiotta") for equitable and comparable indemnity for causing injuries to plaintiff Annette King ("plaintiff").   Leave of Court is necessary because more than 14 days have passed since Costco answered plaintiff's complaint.   Costco is entitled to file a third party complaint against Mr. Margiotta because Costco's claims are derivative of plaintiff's claims against it, Costco's prospective third party complaint will not result in prejudice to any party, and jurisdiction in this Court is proper as to all parties.

## II.    RELEVANT FACTS

On July 1, 2018, plaintiff alleges she was involved in a motor vehicle accident with Mr. Margiotta at the Costco gas station located at 27220 Heather Ridge Road, Laguna Niguel, California.  Plaintiff claims Mr. Margiotta rear-ended her shortly after she pulled into the gas station.  Plaintiff further alleges Costco failed to render aid, resulting in worsening of her injuries. See plaintiff's complaint attached hereto as Exhibit "B" at ¶ GN-1.

## III.    LEAVE OF COURT IS REQUIRED

Fed. R. Civ. Proc. 14(a) requires leave of Court when a defendant seeks to file a third party complaint more than 14 days after service of its original answer to plaintiff's complaint.  Here, defendant filed its answer in San Diego Superior Court on August 31, 2020.  Because more than 14 days have passed since August 31, 2020, leave of Court is required for defendant to proceed with its third party complaint.

## IV.    COSTOC'S CLAIMS AGAINST MR. MARGIOTTA ARE DERIVATIVE OF PLAINTIFF'S ORIGINAL CLAIM

Impleader is limited to claims against third parties that are derivatively based on the original plaintiff's claim. *United States v. One 1977 Mercedes Benz* (9th Cir. 1983) 708

F.2d 444, 452.  Furthermore, a third party claim asserted under Rule 14(a) requires the third party's liability is in some way dependent on the outcome of the original plaintiff's claim.  *Id.*

Here, Costco's prospective third party complaint against Mr. Margiotta is derivative of plaintiff's original claim against Costco because the incident upon which plaintiff bases her suit was caused by Mr. Margiotta.  Plaintiff's complaint alleges as much on its face. Exhibit "B" at ¶ GN-1.

Specifically, plaintiff alleges Mr. Margiotta's vehicle collided with her own causing her to lose consciousness and sustain severe injuries.  Plaintiff's alleges the injuries resulting from the incident were caused by Mr. Margiotta and that Costco's inaction with respect to thereto worsened the injuries.  Exhibit "B" at ¶ GN-1. Accordingly, Mr. Margiotta is liable to Costco in an amount commensurate with his negligence as alleged in Costco's prospective third party complaint. Exhibit "A" at ¶ 7-11 .  To that end, the facts clearly support liability on Mr. Margiotta's part.  Therefore, Costco's third party complaint is proper.

## V.   <u>NO PARTY IS PREJUDICED BY COSTCO'S THIRD PARTY COMPLAINT</u>

The decision whether to permit a third party claim under Rule 14 rests with the sound discretion of the Court. *Southwest Admin., Inc. v. Rozay's Transfer* (9th Cir. 1986) 791 F.2d 769, 777.  In deciding whether impleader under Rule 14 is proper, the Court balances the benefits affording by *liberal* third party practice against possible prejudice to the plaintiff and prospective third party defendant, the complications of issues at trial, the merits of the proposed third party complaint, and any additional costs the parties may bear. *Helferich Patent Licensing, LLC v. Legacy Partners, LLC* (D AZ 2013) 917 F.Supp.2d 985, 988; *NuVasive, Inc. v. Renaissance Surgical Center North, L.P.* (SD TX 2012) 853 F.Supp.2d 654, 659; *Irwin v. Mascott* (ND CA 2000).  Additionally, the Court evaluates

the reasonableness of any delay in seeking leave to file a third party complaint. *Helferich Patent Licensing, LLC v. Legacy Partners, LLC* 917 F.Supp.2d at 989.

### A.   NO PREJUDICE AS TO PLAINTIFF OR MR. MARGIOTTA

Discovery is open and this motion is brought well before the date set for the last day to file additional pleadings (February 5, 2021 per the Court's December 15, 2020 Scheduling Order).  Accordingly, there is no prejudice to either party's right to discovery by filing a third party complaint at this time as the inclusion of Mr. Margiotta is not likely to delay trial or otherwise affect the discovery schedule.  Rather, Mr. Margiotta's availability as a party, including his participation in discovery and trial, will aid in litigation.  Specifically, evidence related to the incident itself, including but not limited to Mr. Margiotta's testimony, will give the parties easier access to facts helpful in litigating and ultimately resolving the case.

### B.   COSTCO'S PROPOSED THIRD PARTY COMPLAINT IS MERITORIOUS

Plaintiff's complaint alleges Mr. Margiotta caused the incident.  Exhibit "B" at ¶ GN-1.  Costco alleges in its proposed third party complaint that Mr. Margiotta proximately caused plaintiff's injuries. Exhibit "A" at ¶ 8.  Because Mr. Margiotta caused injuries for which plaintiff claims Costco is liable, Mr. Margiotta is liable to Costco.  As a result, Costco's prospective third party complaint is meritorious.  Plaintiff's complaint alone establishes a basis for Costco's third party complaint against Mr. Margiotta because plaintiff alleges he caused the incident subject to this litigation.

### C.   ADDITIONAL COSTS ARE MINIMAL

Mr. Margiotta's inclusion in this litigation will reduce costs borne by plaintiff and Costco.  Mr. Margiotta's testimony and any other evidence related to the incident will be invaluable in litigating and resolving this case.  To that end, access to the full suite of discovery tools available to parties under the Federal Rules of Civil Procedure will

1  drastically reduce litigation costs and aid in resolution of the case. Consequently, the factor

2  of costs weighs in favor of filing a third party complaint.

3  **D.   DELAY IN SEEKING LEAVE IS NOT UNREASONABLE**

4  As noted above, this case is in the early stages of litigation. The Court issued its

5  scheduling order regulating discovery and pretrial proceedings on December 15, 2020.

6  Additionally, since removal to this Court, Costco has exchanged initial disclosures with

7  plaintiff and evaluated the need to bring the proposed third party claim. Since removal to

8  this Court, Costco and plaintiff have participated in two Early Neutral Evaluation

9  Conferences in an effort to settle the case without the inclusion of Mr. Margiotta. While

10  these efforts were not successful, Costco and plaintiff engaged in a good faith effort while

11  trying to minimize costs. As a result, there is no unreasonable delay in bringing this

12  motion.

13  **VI.   JURISDICTION IS PROPER**

14  Subject matter jurisdiction in the main action between plaintiff and defendant

15  generally supports the third party action. In diversity actions, a defendant's impleader

16  action against third parties is treated as *supplemental* to the main actions under 28 U.S.C.

17  § 1367(a). Additionally, a prospective third party defendant must be subject to personal

18  jurisdiction in the forum state.

19  Here, supplemental jurisdiction is clearly proper under 28 U.S.C. § 1367(a) because

20  Costco's claims form part of the same case or controversy. Namely, Mr. Margiotta caused

21  the incident that gave rise to plaintiff's suit against Costco. Personal jurisdiction is proper

22  because Costco is informed and believes Mr. Margiotta is a citizen of California. Exhibit

23  "A" at ¶ 1. Proper subject matter and personal jurisdiction exist in support of a third party

24  complaint against Mr. Margiotta.

25  / / /

26  / / /

27  / / /

28

1

**VII.   CONCLUSION**

2        Costco is entitled to leave to file a third party complaint against Mr. Margiotta

3  because doing so does not prejudice any party, there is no unreasonable delay, and

4  jurisdiction is proper.  Accordingly, Costco respectfully requests leave of Court to file a

5  third party complaint against Mr. Margiotta.

6

7  Respectfully submitted,

8

9

  Date:  January 26, 2021          TYSON & MENDES, LLP

10

11

12                          By:  */s/Richard G. Somes*

13                             RICHARD G. SOMES, ESQ.
                           ALLEN S. AHO, ESQ.

14                        Attorneys for Defendant COSTCO
                      WHOLESALE CORPORATION

15                        E-mail:  aaho@tysonmendes.com

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, declare that I am over the age of 18 years and not a party to the within action or proceeding.   I am employed in and am a resident of Orange County where the mailing occurs; and my business address is Tyson & Mendes, LLP 17901 Von Karman Avenue, Suite 600, Irvine, CA  92614.

On January 26, 2021, I caused to be served the following document(s):

**NOTICE OF MOTION AND DEFENDANT COSTCO WHOLESALE CORPORATION'S MOTION FOR LEAVE TO FILE THIRD PARTY COMPLAINT**

on the interested parties in this action by:

  X        ONLY BY ELECTRONIC TRANSMISSION.  Only by e-mailing the document(s) to the persons at the e-mail address(es) identified below by electronic mail from <u>mvictor@tysonmendes.com</u>.  This is necessitated during the declared National Emergency due to the Coronavirus (COVID-19) pandemic because this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail.  Receipt of any given electronic message will be assumed and attributable to the recipient unless and until indication that the transmission was unsuccessful is received. We will provide a physical copy, upon request only, when we return to the office at the conclusion of this National emergency.

Executed on January 26, 2021, at Irvine, California.

I declare under penalty of perjury under the laws of the United States that the above is true and correct. I further declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

/s/*Marie Victor*

_____

Marie Victor

## **SERVICE LIST**

| Joshua Bruser, Esq.<br>Bruser Law<br>1831 Missouri Street<br>San Diego, CA 92109<br>Tel:  858.342.0551<br>josh.bruser@gmail.com<br><br>*Attorneys for Plaintiff, ANNETTE KING* | David A. Kaufman, Esq.<br>Law Offices of David A. Kaufman, APC<br>3162 Via Alicante, Unit E<br>La Jolla, CA 92037<br>Tel:  619.865.8648<br>attorney@LawOfficesofDavidKaufman.com<br><br>*Attorneys for Plaintiff, ANNETTE KING* |
|---|---|

COSTCO'S WHOLESALE CORPORATION'S MOTION FOR LEAVE TO FILE THIRD PARTY COMPLAINT