# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNETTE KING, | Case No.: 20-cv-01935-H-BLM |
| Plaintiff, | **ORDER:** |
| v. | **(1) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT; AND** |
| COSTCO WHOLESALE CORPORATION; and DOES 1 to 10, | |
| Defendants. | [Doc. No. 13.] |
| | **(2) GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE A THIRD-PARTY COMPLAINT** |
| | [Doc. No. 11.] |

On January 26, 2021, Defendant Costco Wholesale Corporation filed a motion for leave to file a third-party complaint. (Doc. No. 11.) On February 5, 2021, Plaintiff Annette King filed a motion for leave to file a first amended complaint. (Doc. No. 13.) To date, no opposition had been filed to either motion. A hearing on the two motions is currently scheduled for March 8, 2020. The Court, pursuant to its discretion under Civil Local Rule 7.1(d)(1), determines the matter is appropriate for resolution without oral argument, submits the motions on the parties' papers, and vacates the hearing. For the reasons below,

the Court grants Plaintiff's motion for leave to file a first amended complaint, and the Court grants Defendant's motion for leave to file a third-party complaint.

## Background

The following facts are taken from the allegations in Plaintiff's complaint.  On July 1, 2018, Plaintiff needed gas and pulled into a Costco Gas station in Laguna Niguel, California.[1]  (Doc. No. 1-2, Compl. at 4.)  Plaintiff's vehicle came to a complete stop as she waited for an open gas pump.  (Id.)  Another driver, Michael Margiotta, pulled into the gas station and collided with Plaintiff's car.  (Id.)  The impact from the crash was so severe that Plaintiff lost consciousness for almost two minutes.  (Id.)  Upon awakening, Plaintiff using her car for support, walked back to inspect the damage and to speak with the other driver.  (Id.)  They exchanged information and Margiotta left.  (Id.)

Plaintiff alleges that Defendant Costco has "a duty of care to do everything possible to ensure customers are safe from foreseeable, dangerous conditions when fueling [their] vehicles."  (Id.)  Plaintiff alleges that Costco breached this duty of care when, after the collision, no Costco gas attendant came to her aid.  (Id.)  Plaintiff alleges that Costco's failure to render aid caused her injuries to significantly worsen because they went unchecked for several days.  (Id.)

On June 18, 2020, Plaintiff King filed a complaint against Defendant Costco in the Superior Court of California, County of San Diego, alleging cause of actions for: (1) negligence; and (2) premises liability.  (Doc. No. 1-2, Compl.)  On August 31, 2020, Defendant filed an answer to Plaintiff's complaint.  (Doc. No. 1-4.)  On September 29, 2020, Defendant removed the action to the United States District Court, Southern District of California pursuant to 28 U.S.C. § 1441 on the basis of diversity jurisdiction under 28 U.S.C. § 1332.  (Doc. No. 1, Notice of Removal.)  On December 15, 2020, the Court issued a scheduling order.  (Doc. No. 9.)

---

[1]    The Court notes that Laguna Niguel, California is in Orange County, California, which is located within the boundaries of the United States District Court for the Central District of California.

By the present motion, Plaintiff moves pursuant to Federal Rule of Civil Procedure 15(a) for leave to file a first amended complaint.  (Doc. No. 13-1.)  In addition, Defendant moves pursuant to Federal Rule of Civil Procedure 14 to file a third-party complaint against Michael Margiotta.  (Doc. No. 11-1.)

## Discussion

### I.   Plaintiff's Motion for Leave to Amend Complaint

#### A.   Legal Standards

Federal Rule of Civil Procedure 15(a) allows a party leave to amend its pleading once as a matter of right prior to service of a responsive pleading.  Thereafter, "a party may amend that party's pleading only by leave of the court or by written consent of the adverse party and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).  The Ninth Circuit has instructed that this policy is "'to be applied with extreme liberality.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001).  "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir. 2003)).  The decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court." Pisciotta v. Teledyne Indus., 91 F.3d 1326, 1331 (9th Cir. 1996).

#### B.   Analysis

In her motion, Plaintiff requests leave to amend her complaint in order to allege a more focused and recognized theory of premises liability against Defendant that attributes the cause of the collision to negligent design of the parking lot system where the collision occurred.  (Doc. No. 13-1 at 3.)  A review of the relevant factors favors granting Plaintiff leave to amend her complaint.  See Johnson, 356 F.3d at 1077.  Plaintiff has not previously amended her complaint, and there is no evidence or suggestion of bad faith by Plaintiff or prejudice to Defendant.  Indeed, Defendant has not filed an opposition to Plaintiff's motion for leave to amend.  In addition, there is no undue delay.  Plaintiff filed the present motion

for leave to amend prior to the deadline for such motions set by the Court's December 15, 2020 scheduling order.  (Doc. No. 9 at 1.)  Finally, the proposed amendment do not appear to be futile.  As such, the Court grants Plaintiff's motion for leave to file a first amended complaint.[2]

## II.    Defendant's Motion for Leave to File a Third-Party Complaint

### A.    Legal Standard

Under Federal Rule of Civil Procedure 14(a)(1), "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it.  But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer."  Fed. R. Civ. P. 14(a)(1).  "The purpose of this rule is to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim."  Sw. Administrators, Inc. v. Rozay's Transfer, 791 F.2d 769, 777 (9th Cir. 1986).

A third-party claim may be asserted under Rule 14 "only when the third party's liability is in some way dependent on the outcome of the main claim and is secondary or derivative thereto."  Stewart v. Am. Int'l Oil & Gas Co., 845 F.2d 196, 199 (9th Cir.1988).  "'The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff.  The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough."  Id. at 200 (quoting Wright & Miller,  6 Fed. Prac. & Proc. § 1446 at 257 (1971 ed.)); see also United States v. One 1977 Mercedes Benz, 450

---

[2]    The Court notes that the proposed first amended complaint appears to contain an error.  In the proposed first amended complaint, Plaintiff alleges: "Venue is proper, as the Court where the action was originally brought, Superior Court of the State of California County of Orange, is the county in which the liability arises."  (Doc. No. 13-2 ¶ 6.)  This would appear to be an error as the complaint was originally filed in the Superior Court of California, County of San Diego.  (See Doc. No. 1-2.)  Plaintiff must correct this error prior to filing the first amended complaint.

SEL, VIN 11603302064538, 708 F.2d 444, 452 (9th Cir. 1983) ("It is not sufficient that the third-party claim is a related claim; the claim must be derivatively based on the original plaintiff's claim.").

"The decision to allow a third-party defendant to be impleaded under rule 14 is entrusted to the sound discretion of the trial court." One 1977 Mercedes Benz, 708 F.2d at 452; accord Southwest Administrators, 791 F.2d at 777. "'Since the rule is designed to reduce multiplicity of litigation, it is construed liberally in favor of allowing impleader.'" KKMB, LLC v. Khader, No. CV 18-5170-GW-JPRX, 2020 WL 7978993, at *4 (C.D. Cal. June 17, 2020) (quoting Fed. Deposit Ins. Corp. v. Loube, 134 F.R.D. 270, 272 (N.D. Cal. 1991); accord J & J Sports Prods., Inc. v. Tolentino, No. 1:10-CV-02089-LJO, 2011 WL 5547144, at *2 (E.D. Cal. Nov. 14, 2011).

B.   Analysis

Defendant Costco seeks leave to file a third-party complaint against Michael Margiotta for equitable and comparable indemnity for causing injuries to Plaintiff. (Doc. No. 11 at 3.) Defendant argues that its motion should be granted because its proposed third-party complaint is entirely derivative of plaintiff's original claims against Costco. (Id. at 4.) The Court agrees.

Defendant Costco's proposed equitable indemnity claim against Mr. Margiotta is derivative of and dependent on Plaintiff's original claims against Defendant. In the complaint, Plaintiff alleges that Mr. Margiotta's vehicle collided with her own causing her to lose consciousness and sustain injuries. (Doc. No. 1-2, Compl. at 4.) Plaintiff alleges that Defendant's failure to render aid to her caused her injuries to significantly worsen. (Id.) Based on these allegations, Plaintiff asserted claims against Defendant for negligence and premises liability. (Id.) In the proposed third-party complaint, Defendant Costco seeks to bring claims against Mr. Margiotta for equitable indemnity, alleging that Mr. Margiotta is liable to Defendant in an amount commensurate with his negligence. (Doc. No. 11 at 4; see Doc. No. 11-1 ¶¶ 7-11.)

1    Under the doctrine of equitable indemnity, "'defendants are entitled to seek
2  apportionment of loss between the wrongdoers in proportion to their relative culpability so
3  there will be equitable sharing of loss between multiple tortfeasors.'"  Greystone Homes,
4  Inc. v. Midtec, Inc., 168 Cal. App. 4th 1194, 1208 (2008) (quoting Gem Developers v.
5  Hallcraft Homes of San Diego, Inc., 213 Cal. App. 3d 419, 431 (1989)); see also Stop Loss
6  Ins. Brokers, Inc. v. Brown & Toland Med. Grp., 143 Cal. App. 4th 1036, 1040 (2006)
7  (equitable indemnity is "available among tortfeasors who are jointly and severally liable
8  for the plaintiff's injury").  A claim for equitable indemnity is "'wholly derivative'" of the
9  injured party's claims.  Prince v. Pac. Gas & Elec. Co., 45 Cal. 4th 1151, 1158 (2009)
10  ("This rule is often expressed in the shorthand phrase . . . there can be no indemnity without
11  liability." (cleaned up)).  As such, Defendant Costco's claim for equitable indemnity
12  against Mr. Margiotta may properly be brought pursuant to Rule 14(a)(1).  See Stewart,
13  845 F.2d at 199–200.

14    In addition, the Court notes that Defendant's motion was timely.  Defendant filed
15  the present motion for leave to file its third-party complaint prior to the deadline for filing
16  such motions set forth in the Court's December 15, 2020 scheduling order.  (Doc. No. 9 at
17  1.)  Further, there is no evidence or suggestion of bad faith or prejudice with respect to the
18  proposed pleading.  As such, the Court grants Defendant Costco's motion for leave to file
19  a third-party complaint.

20  ///
21  ///
22  ///
23
24
25
26
27
28

1

## <u>Conclusion</u>

2

For the reasons above, the Court grants Plaintiff's motion for leave to file a first

3

amended complaint, and the Court grants Defendant's motion for leave to file a third-party

4

complaint.  Plaintiff must file her first amended complaint within **fourteen (14) days** from

5

the date this order is filed.  Defendant must file its third-party complaint within **twenty-**

6

**one (21) days** from the date this order is filed.

7

**IT IS SO ORDERED.**

8

DATED: March 1, 2021

9

MARILYN L. HUFF, District Judge

10

UNITED STATES DISTRICT COURT

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

20-cv-01935-H-BLM